# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

Service Employees International Union,

      Petitioner,

      v.

National Labor Relations Board,

      Respondent.

**No. 23-1309**

## PETITIONER'S CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Local Rule 28 and the Court's Procedural Order dated November 7, 2023, Petitioner Service Employees International Union ("SEIU") certifies the following:

**A.     Parties**

1.     Petitioner SEIU is an unincorporated labor organization as defined by the National Labor Relations Act, 29 U.S.C. § 152. It has no parent corporation and no publicly-traded corporation has an ownership interest in it.

2.     Respondent is the National Labor Relations Board ("NLRB").

3.     There were no amici or intervenors below. On December 4, 2023, the Chamber of Commerce of the United States of America, together with several other movant-intervenors (collectively the "Employer Groups"), filed a Motion to

Intervene in this action. Doc. No. 2029874. That Motion to Intervene is currently

pending before the Court.

**B.      Rulings Under Review**

SEIU seeks review of the Standard for Determining Joint Employer Status

issued by the NLRB and published in the Federal Register on October 27, 2023, at

Volume 88, pages 73,946 through 74,018.

**C.      Related Cases**

This petition was not previously before this Court. Undersigned counsel is

unaware of any related cases currently pending before this Court.

On or about November 9, 2023, the Standard for Determining Joint

Employer Status was challenged in the Eastern District of Texas in a case styled

*Chamber of Commerce of the United States et al. v. NLRB*, No. 6:23-cv-00553-

JCB (E.D. Tex. Nov. 9, 2023). This Statement of Related Cases is made for the

Court's convenience without prejudice to Petitioner SEIU taking the position that

*Chamber of Commerce of the United States et al. v. NLRB* was filed in a court that

lacks jurisdiction to review challenges to the Standard for Determining Joint

Employer Status.

In addition, Petitioner previously filed a challenge to a 2020 NLRB Final

Rule concerning joint employer status in the District of Court for the District of

Columbia. *See SEIU v. NLRB*, Case No. 21-cv-2443-RC (hereafter, *SEIU v. NLRB*

*I*). The 2020 Final Rule challenged in that litigation was completely repealed and replaced by the Final Rule challenged in this case. *See id.*, ECF No. 47, at 1 n.1. That district court action is stayed pending the effective date of the 2023 Final Rule. *See id.*, ECF No. 47. This Statement of Related Cases is made for the Court's convenience without prejudice to Petitioner SEIU taking the position that *SEIU v. NLRB I* was filed in a court that lacks jurisdiction to review challenges to NLRB rules concerning joint-employer status.

Counsel is presently unaware of any other related cases filed in a different court.

Respectfully submitted,

*/s/ Adam Bellotti*

Leon Dayan (ldayan@bredhoff.com)
Adam Bellotti (abellotti@bredhoff.com)
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street N.W., Suite 1000
Washington, D.C. 20005
(202) 842-2600

*Counsel for Petitioner SEIU*

Dated: December 7, 2023

## CERTIFICATE OF SERVICE

I certify that on December 7, 2023, I caused the foregoing Petitioner's

Certificate as to Parties, Rulings, and Related Cases to be electronically filed with

the Clerk of the Court for the United States Court of Appeals for the District of

Columbia Circuit using the CM/ECF system. All participants in the case are

registered CM/ECF users and will be served by the CM/ECF system.


s/ *Adam Bellotti*
Adam Bellotti