# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, <br><br> Petitioner, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, <br><br> Respondent. | Case No. 23-1309 |

## SEIU RESPONSE TO MOTION TO
## INTERVENE OF EMPLOYER GROUPS

On December 4, 2023, the Chamber of Commerce of the United States and eleven other associations representing the interests of employers (collectively, "the Employer Groups"), moved, pursuant to Rule of Appellate Procedure 15(d) and D.C. Circuit Rule 15(b), to intervene as respondents in SEIU's action to review the NLRB's final rule titled *Standard for Determining Joint Employer Status*, 88 Fed. Reg. 73,946 (Oct. 27, 2023), codified at 29 C.F.R. § 103.40 (the "Final Rule"). *See* Doc. No. 2029874. As set forth in their Motion, the Employer Groups intend to seek dismissal of SEIU's Petition for lack of jurisdiction, and, if this Court exercises jurisdiction, to oppose the relief sought by SEIU in its Petition. *Id.* at 1-2.

SEIU neither supports nor opposes the Employer Groups' Motion to Intervene in this Action, and it takes no position on whether the NLRB can

adequately represent the Employer Groups' interests with respect to either argument the Employer Groups would make to this Court if permitted to intervene. SEIU writes separately, however, to address two points the Employer Groups raise in support of their Motion to Intervene.

First, the Employer Groups appear to fault SEIU for filing this Petition to Review the Final Rule in the D.C. Circuit after filing an earlier petition to challenge a different joint-employer rule in District Court for the District of Columbia. *Id.* at 4 (citing *SEIU v. NLRB*, Case No. 21-cv-2443-RC (D.D.C)). But as the Employer Groups well know (yet conspicuously fail to mention), since SEIU filed its 2020 challenge to the prior joint-employer rule in district court, this Court decided *American Federation of Labor & Congress of Industrial Organizations v. NLRB*, 57 F.4th 1023 (D.C. Cir. 2023), in which the Court held that NLRA "subsection 10(f) communicates 'that what is being directed to the court of appeals' for the purpose of direct review is NLRB final orders (and, per binding precedent, rules) concerning unfair labor practices." 57 F.4th at 1032 (quoting *AFL-CIO v. NLRB*, 466 F. Supp. 3d 68, 84 (D.D.C. 2020)).

Here, the Final Rule applies "for all purposes under the Act," 88 Fed. Reg. at 73,982, 74,017, including the adjudication of unfair labor practices under Section 8(a) involving employer bargaining obligations and the extent to which separate entities will be found jointly and severally liable for violating the Act. As the Final

2

Rule thus implicates the NLRB's unfair-labor practice jurisdiction, this Court's intervening jurisdictional decision in *American Federation of Labor & Congress of Industrial Organizations v. NLRB* directed petitioners, like SEIU, to seek review in this Court in the first instance.

Second, the Employer Groups also claim that "the Employer Groups' participation is necessary to ensure true adversity of interests in light of SEIU's public support for the Rule." Mot. to Int. at 8. To be sure, SEIU supports the majority of the Final Rule, which will go a long way towards ensuring that employees represented by SEIU and other labor organizations have meaningful bargaining opportunities in fissured workplaces. But there is nothing inconsistent about supporting the majority of the rule, as SEIU does, and seeking review of the Final Rule's limitation of the "essential terms and conditions of employment" to just the seven discrete terms of employment identified by the NLRB in the Final Rule. *See* 29 U.S.C. § 103.40(d); *see also* 88 Fed. Reg. 73946, 73982 (Oct. 27, 2023). Indeed, the NLRB, in promulgating the Final Rule, made clear that the provisions of the Final Rule are severable, such that the closed list of essential terms and conditions of employment could be severed from the Final Rule while the remainder of the Final Rule is permitted to take effect. 29 U.S.C. § 103.40(*i*); *see also* 88 Fed. Reg. at 73973 ("the Board would adopt the separate portions of the final rule independently, were some other portion or portions held to be

invalid."). SEIU will argue throughout this Action that the Court should sever § 103.40(d) from the remainder of the Final Rule, permitting the Final Rule to go into effect without the NLRB's closed list of essential terms and conditions of employment.

                Respectfully submitted,

                        *s/ Adam Bellotti*
                        Leon Dayan (ldayan@bredhoff.com)
                        Adam Bellotti (abellotti@bredhoff.com)
                        BREDHOFF & KAISER PLLC
                        805 15th St. NW, Suite 1000
                        Washington, DC 20005
                        202-842-2600

                        Steven Ury (steven.ury@seiu.org)
                        Claire Prestel (claire.prestel@seiu.org)
                        John D'Elia (john.d'elia@seiu.org)
                        Service Employees International Union
                        1800 Massachusetts Ave. NW
                        Washington, DC 20036

                        *Counsel to the Petitioner*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), the undersigned hereby certifies:

1. The foregoing Response to Motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 679 words, excluding the exempted portions, as provided in Fed. R. App. P. 32(f). As permitted by Fed. R. App. P. 32(g)(1), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

2. This foregoing motion complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)-(6) because it was prepared in proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman font.

*s/ Adam Bellotti*
Adam Bellotti

## CERTIFICATE OF SERVICE

On December 14, 2023, I caused the foregoing Response to Motion to Intervene to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

                                              *s/ Adam Bellotti*
                                              Adam Bellotti