IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| Service Employees International Union,<br><br>Petitioner,<br><br>v.<br><br>National Labor Relations Board,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 23-1309<br>)<br>)<br>)<br>)<br>)<br>) |

**RESPONDENT NATIONAL LABOR RELATIONS BOARD'S
PARTIAL OPPOSITION TO MOTION TO INTERVENE
OF EMPLOYER GROUPS**

Respondent National Labor Relations Board ("the Board") files this partial opposition to the Motion to Intervene of Employer Groups filed by the proposed intervenors Chamber of Commerce, *et al.* ("Proposed Intervenors") on December 4, 2023 [Mot. to Intervene, Doc. #2029874]. Proposed Intervenors claim they are entitled to intervene on two issues: (1) to dispute this Court's jurisdiction to hear the pending Petition for Review filed by Petitioner Service Employees International Union ("SEIU"), pursuant to their assertion "that the proper venue to hear rulemaking challenges like this one is federal district court;" and (2) to join the Board in defending the Board's final rule against SEIU's challenge, *see*

1

*Standard for Determining Joint Employer Status*, 88 Fed. Reg. 73,946 (Oct. 27, 2023) (to be codified at 29 C.F.R. § 103.40) ("Final Rule"). [Mot. to Intervene at 2].

The Board does not oppose the intervention of Proposed Intervenors as to the jurisdictional issue. However, because Proposed Intervenors have not identified any way in which their interests on the merits of this dispute will not be adequately represented by the Board, and because they apparently seek to advance a merits position falling outside the scope of the instant case, the Board opposes their intervention on the merits. In support, the Board states as follows:

1. Federal Rule of Appellate Procedure 15(d) provides that "a person who wants to intervene in a proceeding under this rule must file a motion for leave to intervene with the circuit clerk and serve a copy on all parties. The motion—or other notice of intervention authorized by statute—must be filed within 30 days after the petition for review is filed and must contain a concise statement of the interest of the moving party and the grounds for intervention."

2. Putative intervenors must show that they meet each of the following four factors in order to intervene as a matter of right: "1) timeliness of the application to intervene; 2) a legally protected interest; 3) that the action, as a practical matter, impairs or impedes that interest; and 4) that no party to the action

can adequately represent the potential intervenor's interest." *Crossroads Grassroots Policy Strategies v. FEC*, 788 F.3d 312, 320 (D.C. Cir. 2015).

3. The Board does not contest that Proposed Intervenors satisfy the first three factors of the D.C. Circuit's test with respect to the merits issue.

4. As to the adequate-representation factor, Proposed Intervenors have provided no reason to believe that the Board cannot adequately represent their interests as to the merits issue raised by SEIU's petition. The Board recognizes that this Circuit has characterized this requirement as "not onerous" or "low." *Id.* at 321 The Board further acknowledges that this Court generally "look[s] skeptically on government entities serving as adequate advocates for private parties." *Id.* Nonetheless, this requirement is not meaningless. Courts in this circuit have held that intervention as a matter of right is inappropriate where a putative intervenor fails to identify specific grounds upon which a party, including a government-entity party, will not adequately represent the putative intervenor's interests. *See Jones v. Prince George's County, Maryland*, 348 F.3d 1014, 1019 (D.C. Cir. 2003); *Massachusetts School of Law at Andover, Inc. v. United States*, 118 F.3d 776, 781 (D.C. Cir. 1997); *Humane Soc. of U.S. v. Clark*, 109 F.R.D. 518, 520 (D.D.C. 1985).

5. Here, Proposed Intervenors have not identified any specific grounds upon which the Board will not adequately represent their interests as to the merits

of SEIU's Petition for Review [Doc. #2025765] or Statement of Issues to be Raised [Doc. #2030428]. In this lawsuit, SEIU asserts that the Board violated the National Labor Relations Act, 29 U.S.C. §§ 151 et seq., and "act[ed] arbitrarily and capriciously" in promulgating the Final Rule by defining the "essential terms and conditions of employment" relevant to joint-employer status to include seven delineated topics "instead of all mandatory subjects of collective bargaining." [Doc. # 2030428]. The Board and Proposed Intervenors take identical positions with respect to SEIU's claims and are aligned on the position that the Rule is not unlawful for the reasons that SEIU advances here. The Board will make the argument that Proposed Intervenors seek to make—*i.e.*, that the Court should "reject SEIU's arguments to expand the scope of the Rule." [Mot. to Intervene, at 2]. *See Bldg. & Constr. Trades Dep't v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994) (a putative intervenor is adequately represented and not entitled to intervene as of right when it "offer[s] no argument not also pressed by" an existing party).

6.   In an effort to bolster their assertion that the interests of Proposed Intervenors and the Board are not aligned, Proposed Intervenors note that they filed a separate lawsuit in the Eastern District of Texas (Case Number 6:23-cv-553), challenging the same rule as the one at issue here. In that parallel case, the Board is opposing their efforts to have the Final Rule "set aside as unlawful in its entirety as *too* expansive and that the 2020 Rule [which the Board rescinded in the Final Rule]

4

should be *reinstated*." [Mot. to Intervene, at 8]. But crucially, SEIU's Petition for Review does not challenge the Final Rule as too expansive, nor does it raise the question of the rescission of the 2020 rule. Thus, any attempt by Proposed Intervenors to litigate issues not before this Court should be rejected.

      7.      The Board acknowledges that basic alignment of the parties' positions may not, by itself, provide grounds to deny the motion to intervene. *See Crossroads Grassroots Policy Strategies*, 788 F.3d at 321. But Proposed Intervenors' failure to state *any* grounds on which their interests are distinct or unrepresented by the Board stands in stark contrast to the intervenors in *Crossroads*. In that case, this Circuit found the government and the intervenors "[held] different interests, for they disagree about the extent of the Commission's regulatory power, the scope of the administrative record, and post-judgment strategy." *Id*. By contrast, Proposed Intervenors merely claim, without support or exposition, that "[t]he NLRB, which will defend the rule, obviously does not adequately represent the Employer Groups' interests." [Mot. to Intervene at 8]. This proposition is hardly self-evident insofar as SEIU's Petition for Review is concerned. In the context of this litigation, the Board will be presenting arguments as to why the Final Rule does not conflict with the law on the grounds advanced by SEIU—which is precisely what Proposed Intervenors apparently plan to argue

regarding the merits of this case. There are no defenses or claims that Proposed Intervenors identify that will not be addressed by the Board.[1]

8. Mere opposition—even strong opposition—to the aims of a petition for review is not a proper basis for intervention when a putative intervenor's interests are adequately served by existing parties. And to the extent that Proposed Intervenors claim that their interests diverge from those of the Board because they believe that the Final Rule is flawed in other respects, that still would not justify intervention on the merits here because "intervenors may only join issue on a matter that has been brought before the court by another party." *Platte River Whooping Crane Critical Habitat Maintenance Trust v. FERC*, 962 F.2d 27, 37 n.4 (D.C. Cir. 1992) (cleaned up). Indeed, "[a]n intervening party may join issue only on a matter that has been brought before the court by another party." *Illinois Bell Telephone Co. v. FCC*, 911 F.2d 776, 786 (D.C. Cir. 1990) (quoting *Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944)). And in *Vinson*, the Supreme Court explained that "an intervenor is admitted to the proceeding as it stands, and

---

[1] Circuit Rule 28 confirms that intervenors do not meaningfully participate in litigation if they simply file "me too" briefs. *See* D.C. Cir. R. 28(d)(2) ("The brief [for an intervenor] must avoid repetition of facts or legal arguments made in the principal . . . brief and focus on points not made or adequately elaborated upon in the principal brief, although relevant to the issues before this court."). To the extent that Proposed Intervenors wish to opine on the merits of this lawsuit, they can seek to do so as amici curiae, a request which the Board would not oppose here (and has not opposed in related litigation).

6

in respect of the pending issues, but is not permitted to enlarge those issues." 321 U.S. at 498. In short, for purposes of this case, the Board can adequately represent Proposed Intervenor's interest in defending against SEIU's proposed expansion of the Final Rule.

9. For substantially the same reasons as those stated above, the Court should also deny Proposed Intervenor's request regarding permissive intervention. Under the standard for permissive intervention laid out in Federal Rule of Civil Procedure 24(b), the Court has wide discretion whether to grant or deny a request for intervention. *EEOC v. National Children's Center, Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) ("As its name would suggest, permissive intervention is an inherently discretionary enterprise."). Because Proposed Intervenors have not identified any basis upon which they will be advancing new or different arguments on the issues presented in this case, this Court should exercise its discretion to deny permissive intervention.

Respectfully submitted,

/s/ Christine Flack
CHRISTINE FLACK
*Supervisory Attorney*
Tel: (202) 273-2842
christine.flack@nlrb.gov

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*
Tel: (202) 273-2938
kevin.flanagan@nlrb.gov

7

                                              TYLER WIESE
*Senior Attorney*
Tel: (952) 703-2891
tyler.wiese@nlrb.gov

SHAWNNELL T. BARNETT
*Attorney*
Tel: (202) 316-6397
shawnnell.barnett@nlrb.gov


National Labor Relations Board
Contempt, Compliance, and Special Litigation Branch
1015 Half St. SE
Washington, DC 20003
Fax: (202) 273-4244

*Attorneys for Respondents*

Dated: December 14, 2023

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), the undersigned hereby certifies that the foregoing document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) and the typeface and type-style requirements of Fed. R. App. P. 32(a)(5)–(6) as it contains 1,532 words of proportionally-spaced, 14-point type, excluding the portions exempted under Fed. R. App. P. 32(f), and the word processing system used was Microsoft Word for Office 365.

/s/ Christine Flack
CHRISTINE FLACK
*Supervisory Attorney*
Tel: (202) 273-2842
christine.flack@nlrb.gov

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), the Respondent, National Labor Relations Board ("NLRB"), certifies as follows:

### I.      Parties and Amici

The parties to this case are the Respondent NLRB and the Petitioner Service Employees International Union ("SEIU"). There are no *amici curiae* at this time.

### II.     Rulings Under Review

Petitioner seeks review of the Final Rule issued by the NLRB titled *Standard for Determining Joint Employer Status*, 88 Fed. Reg. 73,946 (Oct. 27, 2023), to be codified at 29 C.F.R. § 103.40.

### III.    Related Cases

Respondent is aware of one related case, *Chamber of Commerce of the United States of America, et al. v. National Labor Relations Board, et al.*, Case No. 23-cv-553, filed on November 9, 2023, in the United States District Court for the Eastern District of Texas, Tyler Division, which seeks to set aside the same Final Rule that is at issue in the instant petition.

/s/ Christine Flack
CHRISTINE FLACK
*Supervisory Attorney*
Tel: (202) 273-2842
christine.flack@nlrb.gov

## CERTIFICATE OF SERVICE

I certify that on December 14, 2023, I electronically filed the foregoing document using the CM/ECF filing system for the United States Court of Appeals for the District of Columbia Circuit, thereby causing a copy to be served on the ECF Filers electronically by the Notice of Docket activity.

/s/ Christine Flack
CHRISTINE FLACK
*Supervisory Attorney*
Tel: (202) 273-2842
christine.flack@nlrb.gov