IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____
                                    )
SERVICE EMPLOYEES INTERNATIONAL     )
UNION,                              )
                                    )
         *Petitioner*,              )
    v.                              )   Case No. 23-1309
                                    )
NATIONAL LABOR RELATIONS BOARD,     )   **NOT YET SCHEDULED**
                                    )   **FOR ORAL ARGUMENT**
         *Respondent*.              )
                                    )
_____)

**EMPLOYER GROUPS' REPLY IN SUPPORT OF
MOTION TO INTERVENE**

The Board's baffling "partial opposition" to the Employer Groups' intervention motion is at war with itself. Neither the Service Employees International Union (SEIU) nor the Board disputes that the Employer Groups should be granted intervention to move to dismiss SEIU's petition for lack of jurisdiction given that the Board does not plan to do so. Partial Opp. at 2. The Court can and should grant the motion to intervene on that basis alone. Yet the Board argues that the Employer Groups "have provided no reason to believe that the Board cannot adequately represent their interests as to the merits issue raised by SEIU's petition." *Id.* at 3. In the next breath, the Board admits that the adequate-representation requirement is "not onerous," and that "this Court generally 'look[s] skeptically on government entities serving as adequate advocates for private parties.'" *Id.*

1

(alteration in original) (quoting *Crossroads Grassroots Pol'y Strategies v. FEC*, 788 F.3d 312, 321 (D.C. Cir. 2015)). So the Board's own words reinforce the case for intervention.

The Board insists that intervention as of right should be denied as to the merits for only one reason: because the Employer Groups purportedly have not satisfied the adequate-representation factor with respect to the merits. Partial Opp. at 3. That argument is baseless, which explains why even SEIU does not oppose intervention (and instead merely responds preemptively to the forthcoming motion to dismiss).

To begin, the Board presumes that the adequacy requirement should be applied in a piecemeal, issue-by-issue manner—in other words, despite the fact that the Board concedes inadequacy of representation as to jurisdiction, it insists that the requirement must be separately met as to the merits. But the Board cites *no* authority for this novel application of the adequacy requirement. *Cf. Ameren Servs. Co. v. FERC*, 893 F.3d 786, 791 (D.C. Cir. 2018) ("A party that has properly intervened 'becomes a full participant in the lawsuit and is treated just as if it were an original party.'"). Instead, it cites only cases where intervention was denied because the party would adequately represent the would-be intervenor in *every* respect. *E.g.*, *Jones v. Prince George's Cnty., Maryland*, 348 F.3d 1014, 1019 (D.C. Cir. 2003). Here, it is undisputed that the Board will not adequately represent the Employer Groups as to the jurisdictional dispute, and that is reason enough to grant the motion to intervene.

2

Even focusing solely on the merits, the Employer Groups' case for intervention is unusually straightforward. The Employer Groups are *regulated parties* who stand in stark opposition to the Board as *regulator* vis-à-vis the Joint Employer Rule. *See Crossroads*, 788 F.3d at 321 (FEC and intervenor "hold different interests, for they disagree about the extent of the Commission's regulatory power, the scope of the administrative record, and post-judgment strategy."). Indeed, the Board has moved to transfer another suit that the same Employer Groups filed against the Board over the same rule *to this Court* for consolidation with *this case*. Mot. to Transfer, *Chamber of Com. of U.S. v. NLRB*, No. 6:23-cv-553-JCB (E.D. Tex. Nov. 20, 2023), ECF No. 25. And in that case, the Board is actively opposing the Employer Groups' arguments on the merits. *See* Cross Mot. for Summary Judgment, *Chamber of Com. of U.S. v. NLRB*, No. 6:23-cv-553-JCB (E.D. Tex. Dec. 18, 2023), ECF 34.

In the end, the Court need only query why the Board (unlike SEIU) is grasping at straws to exclude a group of private intervenors with whom the Board purports to be fully "aligned" on the merits. The answer is obvious: the Board and the Employer Groups have distinct and differing interests.[1] This Court, as it routinely does, should

---

[1] The Board itself appears to recognize as much, noting that it would not oppose participation by the Employer Groups as amici curiae. Partial Opp. at 6 n.1. But the Board makes no effort to explain why it would make any practical sense to have the Employer Groups participating as a party *and* as an amicus in the same case.

grant intervention to ensure an adversarial presentation from all key perspectives for all purposes.

Dated: December 21, 2023

Respectfully submitted,

/s/ Pratik A. Shah

Pratik A. Shah
James E. Tysse
James C. Crowley
Margaret O. Rusconi
AKIN GUMP STRAUSS HAUER
  & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
(202) 887-4000
pshah@akingump.com

*Counsel to Chamber of Commerce of the United States of America, American Hotel and Lodging Association, Associated Builders and Contractors, Associated General Contractors of America, Coalition for a Democratic Workplace, International Franchise Association, Longview Chamber of Commerce, National Association of Convenience Stores, National Retail Federation, Restaurant Law Center, Texas Association of Business, and Texas Restaurant Association*

Stephanie A. Maloney
Jordan L. Von Bokern
U.S. Chamber Litigation Center
1615 H Street, N.W.
Washington, D.C. 20062

*Counsel to Chamber of Commerce of the United States of America*

Maury Baskin
Littler Mendelson
815 Connecticut Avenue, N.W.
Suite 400
Washington, D.C. 20006

*Counsel to Associated Builders and Contractors and International Franchise Association*

Angelo I. Amador
Restaurant Law Center
2055 L Street, N.W.
Suite 700
Washington, D.C. 20036

*Counsel to the Restaurant Law Center*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), the undersigned hereby certifies:

1. The foregoing reply complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 678 words, as provided in Fed. R. App. P. 32(f). As permitted by Fed. R. App. P. 32(g)(1), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

2. This foregoing reply complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)-(6) because it was prepared in proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman font.

*/s/ Pratik A. Shah*
Pratik A. Shah

## CERTIFICATE OF SERVICE

I certify that on December 21, 2023, I caused the foregoing Reply in Support of Motion to Intervene to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

/s/ *Pratik A. Shah*
Pratik A. Shah