# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Service Employees International Union, <br><br> Petitioner, <br><br> v. <br><br> National Labor Relations Board, <br><br> Respondent, <br><br> Chamber of Commerce of the United States, *et al.*, <br><br> Intervenors. | Case No. 23-1309 |

## **JOINT MOTION TO DISMISS PETITION FOR REVIEW**

Petitioner Service Employees International Union (SEIU), Respondent National Labor Relations Board (Board), and Intervenors Chamber of Commerce of the United States, *et al.*, (collectively, Chamber of Commerce) jointly move to dismiss the case in the above-referenced matter. In support of this Motion, the parties state as follows:

1. This case involves a challenge to a final rule (85 Fed. Reg. 73946) issued by the Board on October 27, 2023 (the 2023 Rule).

*Standard for Determining Joint Employer Status,* 88 Fed. Reg. 73946 (Oct. 27, 2023). The 2023 Rule sought to establish a standard for determining whether two employers are a joint employer under the National Labor Relations Act [29 U.S.C. §§151-169], and further sought to vacate the Board's prior 2020 Rule on the joint employer standard. *See Joint Employer Status Under the National Labor Relations Act*, 85 Fed. Reg. 11184 (Feb. 26, 2020).

2.  On November 6, 2023, Petitioner SEIU filed a direct petition for review in this Court, challenging the 2023 Rule.

3.  Thereafter, on November 9, 2023, Intervenor Chamber of Commerce filed a suit challenging this same 2023 Rule on different grounds in the Eastern District of Texas. [*Chamber of Commerce et al. v. NLRB et al.*, Case No. 23-cv-553 (E.D. Tex. 2023), ECF No. 1.] The Board subsequently filed a motion to transfer Chamber of Commerce's district court lawsuit to this Court on November 23, 2020. [*Id.*, ECF No. 25.] Chamber of Commerce filed an opposition to the Board's transfer motion on December 4, 2023. [*Id.*, ECF No. 29.]

4.  On December 12, 2023, Intervenor Chamber of Commerce filed a motion to intervene in the instant matter, and on December 22,

2023, prior to the Court acting on that motion, Intervenor filed a motion to dismiss for lack of jurisdiction. On February 1, 2024, this Court granted the motion to intervene, over the opposition of the other parties in the case. Thereafter, Petitioner SEIU and the Board each filed a response opposing intervenor's motion to dismiss. As explained below, Intervenor did not file a reply in support of its motion to dismiss because the Court had ordered this case to be held in abeyance.

5. On March 8, 2024, the Eastern District of Texas issued a decision and order in *Chamber of Commerce et al. v. NLRB at al.*, above, vacating the 2023 Rule, vacating the rescission of the 2020 Rule, and denying the Board's motion to transfer the challenge to this Court. *Chamber of Commerce et al. v. NLRB et al.,* --- F. Supp. 3d ---, 2024 WL 1203056, at *16-17 (E.D. Tex. Mar. 18, 2024) (correcting initial decision and order issued on March 8, 2024).

6. On March 14, 2024, Intervenor Chamber of Commerce filed an opposed motion to hold the instant matter in abeyance, pending resolution of any appeal from the judgment issued by the Eastern District of Texas. On June 5, 2024, this Court granted Intervenor's motion.

7. On May 7, 2024, the Board filed its notice of appeal of the Eastern District of Texas decision. *Chamber of Commerce et al. v. NLRB et al.,* Appeal Docketed May 8, 2024, 24-40331 (5th Cir.). Later, on July 19, 2024, the Board filed an unopposed motion to dismiss the appeal. [24-40331, ECF No. 30.] The Fifth Circuit granted this motion that same day. [24-40331, ECF No. 31.]

8. Due to the Board's withdrawal of its appeal in the Fifth Circuit, the Eastern District of Texas's order vacating the 2023 Rule represents a final judgment in that matter. Therefore, the 2023 Rule being challenged in this case has been set aside, and there are no grounds to consider further challenges to this now-vacated Rule. *See Pharmachemie B.V. v. Barr Lab'ys, Inc.,* 276 F.3d 627, 631–32 (D.C. Cir. 2002) (finding case mooted by unappealed, final judgment in prior case addressing merits of present dispute); *Washington All. of Tech. Workers v. United States Dep't of Homeland Sec.*, 650 F. App'x 13, 14 (D.C. Cir. 2016) ("The challenges to the [] Rule raised by plaintiff on appeal . . . are moot because the [] Rule is no longer in effect."). Accordingly, the parties are in agreement that the present suit is moot,

and therefore request that this Court dismiss Plaintiff SEIU's Petition for Review.

9. All parties agree to bear their own costs.

## **CONCLUSION**

For the foregoing reasons, the Petition should be dismissed at moot.

Respectfully submitted,

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*
(202) 273-2938
Kevin.Flanagan@nlrb.gov

CHRISTINE FLACK
*Supervisory Attorney*
(202) 258-8444
Christine.Flack@nlrb.gov

/s/ Tyler Wiese
TYLER J. WIESE
*Senior Trial Attorney*
(952) 703-2891
Tyler.Wiese@nlrb.gov

National Labor Relations Board
Contempt, Compliance and Special
Litigation Branch
1015 Half St. SE
Washington, DC 20003

*Counsel for Respondent NLRB*

/s/ Adam Bellotti
Leon Dayan (ldayan.com)
Adam Bellotti (abellotti@bredhoff.com)
BREDHOFF & KAISER PLLC
805 15TH ST. NW, Suite 1000
Washington, DC 20005
202-842-2600

Steven Ury (steven.ury@seiu.org)
John D'Elia (john.delia@seiu.org)
SERVICE EMPLOYEES
INTERNATIONAL UNION
1800 Massachusetts Avenue, N.W.
Legal Department, Floor 6
Washington, D.C. 20036
(202) 730-7168

*Counsel for Plaintiff SEIU*

| | |
|---|---|
| Stephanie A. Maloney<br>Jordan L. Von Bokern<br>U.S. Chamber Litigation Center<br>1615 H Street, N.W.<br>Washington, D.C. 20062<br><br>*Counsel to Chamber of Commerce of the United States of America*<br><br>Maury Baskin<br>Littler Mendelson<br>815 Connecticut Avenue, N.W.<br>Suite 400<br>Washington, D.C. 20006<br><br>*Counsel to Associated Builders and Contractors and International Franchise Association*<br><br>Angelo I. Amador<br>Restaurant Law Center<br>2055 L Street, N.W.<br>Suite 700<br>Washington, D.C. 20036<br><br>*Counsel to the Restaurant Law Center* | */s/ Pratik A. Shah*<br>Pratik A. Shah<br>James E. Tysse<br>James C. Crowley<br>Margaret O. Rusconi<br>AKIN GUMP STRAUSS HAUER<br>  & FELD LLP<br>2001 K Street, NW<br>Washington, D.C. 20006<br>(202) 887-4000<br>pshah@akingump.com<br><br>*Counsel to Chamber of Commerce of the United States of America, American Hotel and Lodging Association, Associated Builders and Contractors, Associated General Contractors of America, Coalition for a Democratic Workplace, International Franchise Association, Longview Chamber of Commerce, National Association of Convenience Stores, National Retail Federation, Restaurant Law Center, Texas Association of Business, and Texas Restaurant Association* |

7

# **CERTIFICATE OF COMPLIANCE**

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A). This document contains 736 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2021 in Century Schoolbook 14-point type.

/s/ Tyler Wiese
TYLER J. WIESE
*Senior Trial Attorney*
National Labor Relations Board
Contempt, Compliance and
Special Litigation Branch
1015 Half St. SE
Washington, DC 20003
Tyler.Wiese@nlrb.gov
(952) 703-2891